UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHEN,<br><br>                         Plaintiff,<br><br>-against-<br><br>CONEDISON; U.S. DEPT. OF ENERGY; U.S. DEPT. OF TREASURY; YALE UNIVERSITY; NEW YORK STATE PUBLIC SERVICE COMMISSION; CERTAIN SURGICAL PRACTITIONERS TO BE NAMED; HON. KEECHANT SEWELL, POLICE COMMISSIONER, NEW YORK CITY,<br><br>                         Defendants. | 22-CV-2212 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting that Defendants violated his federal constitutional rights. Shortly after filing the initial complaint in this action, Plaintiff filed an amended complaint. By order dated April 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against ConEdison; United States Department of Energy; United States Department of Treasury; Yale University; New York State Public Service Commission; "certain surgical practitioners to be named"; and Keechant Sewell, the Police Commissioner of New York City. (ECF 5, at 1.) He invokes this Court's federal question jurisdiction and asserts claims under the Fourth, Thirteenth, and Fourteenth Amendments to the Constitution. Plaintiff alleges that the events giving rise to his claims occurred in New York City from August 1969 to the present, but he does not provide a statement of his claims. Rather, he directs the Court to the following attached documents for his claims: (1) a July 19, 2019, letter from Plaintiff to then-United States Attorney General William Barr; (2) Plaintiff's statement on the legacy of Nazi doctor Josef Mengele's medical experiments; (3) a February 9, 2021, letter from Plaintiff to then-Secretary of Energy David Huizenga, and then-nominee Jennifer Granholm; (4) an August 12, 2021, letter from Plaintiff to President Joseph R. Biden, Jr.; (5) an August 13, 2021, letter from Plaintiff to ConEdison; (6) a February 10, 2022, letter from Plaintiff to ConEdison; (7) a February 19, 2022, letter from Plaintiff to Police Commissioner Sewell; (8) March 22, 2022, ConEdison statement of Plaintiff's gas and electric use; and (9) an April 3, 2022, letter from Plaintiff to the Clerk of Court.

In his letter to Barr, Plaintiff chronicles his efforts, since 1977, to obtain files and information that the United States government may have on him. Plaintiff also indicates his suspicion that the government has placed him under surveillance or otherwise interfered with his life. He also refers to *Chen v. Mitchell*, ECF 1:19-CV-2764, 6 (S.D.N.Y. July 3, 2019), his prior lawsuit in this court against news anchor Andrea Mitchell, Kim Jong-un, and Donald Trump,

which was dismissed as frivolous. Plaintiff states that, before deciding to pursue an appeal in that case, he is seeking any information that the United States may have on him, including whether the government is surveilling him or intruding in his life.

In his statement on the legacy of Josef Mengele's medical experiments, Plaintiff asserts his belief that he has been a "victim of Nazi-like 'medical' 'experimentation,'" claiming that "[a]t numerous points in [his] life, [his] body has been interfered with in ways that make [him] suspect clandestine surgery." (ECF 5, at 15-16.) He indicates that the experimentation on him may have affected his ability to function sexually. Plaintiff also alleges that he has been having "unhappy thoughts" because ConEdison "continues to send [him] sizable bills for gas and electricity while completely ignoring [his] writings," and he suggests that, because of the "urgent pressure of those bills, perhaps the New York State Public Service Commission can tell Con Ed to give this lifelong customer a break and start making some admissions." (*Id*. at 16-17.)

Plaintiff further refers the Court to three other letters he wrote to government officials. In his letter to Huizenga and Granholm, Plaintiff asserts that he sometimes has "bizarre thoughts that [he is] being used by certain energy industries – particularly oil and nuclear energy, including nuclear weapons." (*Id*. at 18.) In his letter to Biden, Plaintiff claims that his letters and writings have not achieved the results he seeks, and he states that there is pressure to reopen schools and museums and that one particular university "seems determined to exact its last pound of flesh and come hell or high water." (*Id*. at 19.) Plaintiff also asserts his belief that he was "chosen for 'nuclear' slavery – and for compromise with the Soviet Union, if perhaps not with North Korea – even before [he] arrived in the U.S. with [his] family in December 1949." (*Id*.) In his letter to Sewell, Plaintiff alleges that ConEdison has "insultingly batted back" his

3

letters and he requests that the police protect him from the activities of the utility company. (*Id.* at 22.)

Plaintiff also attaches to the amended complaint two letters that he wrote to ConEdison and an account statement of his utility use from ConEdison. In his first letter, Plaintiff states that he has been receiving electricity since 1969, and inquires whether he has been, "without knowing it, involved in any other way with any other kind of 'energy' activity of Con Ed?" (*Id.* at 20.) Plaintiff also asks whether ConEdison was aware of his writings and, if so, "what right does ConEdison claim to know anything about [him] besides the amount of electricity and gas [he has] been using." (*Id.*) In his second letter, Plaintiff states that he has been receiving gas and electricity from ConEdison for decades, and that, since August 13, 2021, he has "tried to get some answers to whether Con ED has been involved with [him] personally in a more far-reaching way than providing electric current from [his] wall sockets. He also claims that, because he feared interruption in his service, he has paid the most recent bill. Plaintiff also chides ConEdison for failing to respond to his first letter.

Finally, Plaintiff submits a letter to the Clerk of Court in which he writes that, after receiving from ConEdison a statement of his gas and electric use on March 28, 2022, he is submitting the amended complaint and letters with his allegations against ConEdison and others. Plaintiff claims the following:

> somehow persons connected to Con Edison and the energy industries had trespassed on my apartment and operated on me, Mengele-style, to interfere with and control my sexual functioning in a way keyed to such energy products as oil and "nuclear" and that ultimately the dollar itself was implicated.
>
> My sense is that these activities were sponsored by the "chief slaveholder" Yale University that I name in the Complaint of *Chen v. Yale University et al*, 22cv01690.

(*Id.* at 23.)

4

Plaintiff asserts the following injuries: "[m]y sexual functioning appears to have been interfered with and damaged for many years, ever since my college years in the 1960s. I have turned to prescription 'Viagra' pills." (*Id*. at 6.) He seeks the following relief: (1) an order directing ConEdison not to turn off his utilities until it begins answering his questions; (2) "substantial damages" for his "sexual exploitation"; and (3) "an inquest into how New York civic leaders can burglarize and snoop on lawful residents, visitors, and citizens." (*Id*.)

## DISCUSSION

**A.     Plaintiff's claim has no basis in law or fact.**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's amended complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's conclusory assertions and suspicions, that ConEdison, the government, and others have been experimenting on his physical body and monitoring his activities for decades, do not provide any plausible factual support for his claims and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has pleaded no factual predicate showing that any of the defendants have intruded into Plaintiff's life in any way. The Court cannot identify any legal

basis for his claims and there appears to be no legal theory on which Plaintiff may proceed. *See id*. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Plaintiff's Litigation History**

Plaintiff has filed multiple cases in this court, many of which were dismissed as frivolous or meritless. *See Chen v. Vason*, ECF 1:22-CV-2938, 6 (S.D.N.Y. Apr. 29, 2022) (listing cases). On January 31, 2022, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless he received prior permission to file. *See Chen v. Mount Sinai Beth Israel*, ECF 1:22-CV-0223, 5 (S.D.N.Y. Jan. 31, 2022), *appeal pending*, No. 22-0383 (2d Cir.). Because Plaintiff failed to heed the Court's warning and continued to file frivolous or meritless cases, on April 29, 2022, the Court directed Plaintiff to show cause, within thirty days, why he should not be barred from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See Chen v. Vason*, ECF 1:22-CV-2938, 6.

This action was filed after Plaintiff was warned but before he was directed to show cause. While the Court has determined that this action is frivolous, there is no need to further address Plaintiff's vexatious litigation history as he has been directed to show cause as described above.

## CONCLUSION

Plaintiff's amended complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge